IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BENNIE RAY WALLER, JR.     PLAINTIFF

V.     CIVIL ACTION NO. 1:21-CV-00164-RP

LEE COUNTY,
JIM JOHNSON, and
PARTLOW     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Bennie Ray Waller, Jr., an inmate currently housed at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Lee County, Jim Johnson, and Partlow. Doc. # 1. Having fully considered his allegations and the applicable authority, the Court finds that Waller's complaint must be dismissed.[1]

### Screening Standards

Because Waller has been permitted to proceed *in forma pauperis* in this action,[2] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[3] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke*

---

[1] As Waller consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 5, the undersigned has the authority to enter this memorandum opinion and order and the accompanying judgment.
[2] *See* Doc. #7.
[3] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

*v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's Allegations and Procedural Posture

In the instant action, Waller complains about the conditions of his confinement while housed at the Lee County Adult Detention Center ("LCADC") in Tupelo, Mississippi, sometime between September and October of 2021. More specifically, Waller alleges that he was denied his requests for tuberculosis and COVID tests, and further that he was denied medical attention for alleged severe pain stemming from a tooth extraction. Waller additionally complains of unsafe and unclean living conditions at LCADC.

Waller filed the instant action on October 29, 2021, asserting claims under 42 U.S.C. § 1983 against Defendants Lee County, Lee County Sheriff Jim Johnson, and Jail Administrator Ronnie Partlow. Doc. # 1. By way of relief, Waller requests a court investigation and an unspecified amount of monetary damages. *Id.* On December 7, 2021, the Court entered an Order requiring Waller to submit additional information, particularly directing Waller to provide a detailed description of named Defendants' personal involvement in the actions or inactions alleged in his complaint. Doc. # 10. Waller submitted his response to the aforementioned order on December 17, 2021. Doc. # 12.

<u>Supervisor Liability</u>

Even assuming, *arguendo*, that Waller's allegations indicated a cognizable constitutional deprivation, he has failed to state a valid claim against Defendants Johnson and Partlow. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v.* Garcia, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Waller names Lee County Sheriff Jim Johnson and Jail Administrator Ronnie Partlow as Defendants in this action. Waller's complaint, however, contains no allegations indicating any personal involvement by either individual defendant in the alleged constitutional violation(s). Instead, Waller mentions only that a nurse—who he has not named as a defendant— told him that the jail was not responsible for dental extractions. In Waller's response to the Court's order directing him to submit additional information, he emphasizes that Johnson is "the Sheriff in charge of the entire administration," and further notes that Partlow is the facility administrator who responded to Waller's grievances.

3

Although Waller's allegations regarding Johnson's and Partlow's roles at LCADC may be correct, his allegations fail to establish the requisite personal involvement in the alleged constitutional violations. *See Woods*, 51 F.3d at 583. Moreover, a Section 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). It is clear that both Jim Johnson and Ronnie Partlow have been named defendants in this action merely due to their positions of authority at LCADC and participation in the grievance process; thus, they must be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

<u>County Liability</u>

To establish municipal or county liability under Section 1983, a plaintiff must demonstrate that an official policy or custom caused the constitutional violation alleged. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995); *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 (5th Cir. 1993). Plaintiff has alleged no facts to indicate that any policy-making officials for Lee County implemented an official policy that caused his alleged constitutional violation, nor has he established a persistent pattern of conduct by city or county officials that caused the alleged constitutional violation. Moreover, in a Section 1983 action, liability may not be imposed upon a governmental entity on a theory of *respondeat superior* for the actions of non-policy making government employees. *Monell*, 436 U.S. at 690-94; *see Doe v. Rains County Independent School District*, 66 F.3d 1402, 1409 (5th Cir. 1995); *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995). Because Waller alleges no facts

showing the direct involvement of policy-making officials of the county in the alleged violation of his constitutional rights, Defendant Lee County must be dismissed from this case.

### Conclusion

Based on the foregoing discussion, the Court finds that Waller has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Waller is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 20th day of January, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

5